**IT IS ORDERED as set forth below:**

Date: March 30, 2015

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-52495-WLH |
| | ) | |
| WILLIAM ALLEN TREXLER, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| JOHN J. FLEMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 14-5133 |
| | ) | |
| WILLIAM ALLEN TREXLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on John J. Flemm's ("Flemm") Motion for Summary Judgment ("Motion") against William Allen Trexler ("Debtor"). Flemm's Motion seeks an order that a prepetition judgment against the Debtor is non-dischargeable under 11 U.S.C. § 523(a)(4)

1

and (a)(6).[1] Flemm argues collateral estoppel precludes the Debtor from relitigating issues which satisfy the elements of non-dischargeability of the judgment. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and the Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

I.    **Undisputed Facts**

Flemm is a collector of rare firearms. Debtor also collects firearms and has previously purchased firearms on behalf of Flemm. Beginning in January 2008, Flemm placed several firearms with the Debtor for safekeeping. Debtor provided Flemm with a signed inventory list of the firearms. Sometime thereafter, Flemm transferred additional firearms and related personal property to the Debtor. Debtor sold some of the firearms with Flemm's permission. Despite Flemm's requests for the Debtor to return the remaining firearms, the Debtor never returned the property. Some of the remaining firearms were sold, traded, or transferred to third parties. Flemm had not authorized these sales or transfers to third parties.

Flemm sued the Debtor in state court in Florida on May 3, 2010 ("State Court Complaint"). Flemm asserted claims for civil theft, conversion, unjust enrichment, constructive trust, and constructive fraud. Flemm moved for summary judgment against the Debtor on January 4, 2013. Although the Debtor participated in the litigation from July 2010 until July 2012, the Debtor did not respond to the motion for summary judgment. Only twelve days later, on January 16, 2013, the Florida court granted Flemm's motion for summary judgment finding the Debtor liable to Flemm for damages in the amount of $160,000, as well as attorney's fees and costs ("State Summary Judgment Order"). The Florida court issued a final judgment on July

---

[1] Plaintiff filed this Motion on September 29, 2014. Any response to the Plaintiff's Motion was due October 20, 2014. BLR 7007-1. The Debtor filed a "status" report on December 22, 2014 stating he would file a response as quickly as possible. The Debtor did not file the response until March 12, 2015. Debtor's late-filed response does not address the statement of material facts filed by the Plaintiff as required by Local Rule 7056-1.

8, 2013 ("State Court Judgment") awarding Flemm damages in the amount of $160,000, attorney's fees in the amount of $43,335, and costs of $1,705.82, for a total judgment of $205,040.82 plus interest of 4.75%. Neither the State Summary Judgment Order nor the State Court Judgment contained any factual findings.

The Debtor filed his petition under Chapter 7 of the Bankruptcy Code on February 4, 2014. Flemm filed this adversary proceeding objecting to the dischargeability of the judgment and moved for summary judgment, arguing collateral estoppel applies to the State Court Judgment, such that it, including fees and costs, is non-dischargeable in the Debtor's bankruptcy case pursuant to Section 523(a)(4) (embezzlement) or (a)(6) (willful and malicious injury to the property of another entity).

## II.  Standard for Summary Judgement

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable

doubts and inferences should be resolved in favor of the nonmoving party. Hairston, 9 F.3d at 918.

## III. Dischargeability

Exceptions to discharge are narrowly construed and the burden is on the creditor to prove non-dischargeability by a preponderance of the evidence. Duncan v. Bucciarelli (In re Bucciarelli), 429 B.R. 372, 375 (Bankr. N.D. Ga. 2010). Section 523(a)(4) excepts from discharge any debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Flemm argues the debt here fits within the embezzlement exception of Section 523(a)(4). For a claim to be non-dischargeable as arising from embezzlement under Section 523(a)(4), the plaintiff must show: "(1) property owned by another which is rightfully in the possession of the debtor; (2) the debtor appropriates the property for personal use; (3) the appropriation occurred with fraudulent intent or by deceit." Hot Shot Kids Inc. v. Pervis (In re Pervis), 512 B.R. 348, 366 (Bankr. N.D. Ga. 2014) (citations omitted).

Flemm also contends his claim is non-dischargeable under Section 523(a)(6). A debt is non-dischargeable under Section 523(a)(6) if it arises from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A creditor proves willfulness by establishing the debtor engaged in "an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another." Maxfield v. Jennings (In re Jennings), 670 F.3d 1329, 1334 (11th Cir. 2012) (citations omitted). The purpose of the act must be to cause injury. Id. "'Malicious' means 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" Id. (citation omitted). "[A] showing of specific intent to harm another is not necessary" to establish malice. Id. (citation omitted).

**IV.     Collateral Estoppel**

"Collateral estoppel prevents the relitigation of issues already litigated and determined by a valid and final judgment in another court." HSSM 7 Ltd. P'ship v. Bilzerian (In re Bilzerian), 100 F.3d 886, 892 (11th Cir. 1996). The doctrine of collateral estoppel applies to non-dischargeability proceedings. Id. "If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." In re St. Laurent, 991 F.2d 672, 675-76 (11th Cir. 1993).[2] The following elements must be satisfied under Florida law for the doctrine of collateral estoppel to apply: (1) there must be identity of the parties to both actions, (2) the issues must be identical in both actions, (3) "the issue must have been actually litigated in the prior proceeding," (4) "determination of the issue must have been a critical and necessary part" of the prior judgment, and (5) "the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case." Hartnett v. Mustelier (In re Hartnett), 330 B.R. 823, 829 (Bankr. S.D. Fla. 2005) (citations omitted).

Applying the elements of collateral estoppel to the facts in this case, the Court concludes the parties here are the same as the parties to the Florida litigation. The standard of proof in the Florida action is at least as stringent as what would be required in this case, since non-dischargeability requires proof by a preponderance of the evidence, and all counts of the State Court Complaint require proof by a preponderance of the evidence or clear and convincing evidence (a more stringent standard than preponderance of the evidence). Figueroa v. Barreto (In re Barreto), 514 B.R. 702, 717 (Bankr. S.D. Fla. 2013) aff'd, 2014 WL 3928518 (S.D. Fla.

---

[2] The Debtor argues federal collateral estoppel should apply in this case. The Court disagrees. See In re St. Laurent, 991 F.2d 672, 675-76 (11th Cir. 1993).

Aug. 12, 2014); Tobin v. Labidou (In re Labidou), 2009 WL 2913483, at *6 (Bankr. S.D. Fla. Sept. 8, 2009).

    A.    Identity of Issues

Flemm must next prove the issues decided by the State Court Judgment are the same as the issues to be decided in the dischargeability action. Flemm argues in the Motion before this Court the State Court Judgment must have been for civil theft and conversion because, "no evidence was produced in the Motion related to Plaintiff's unjust enrichment claim." (Pl.'s Mem. of Law at 15, Docket No. 13). Flemm contends the Court only needs to address whether the conversion and civil theft counts are similar to the elements of a non-dischargeability case. This is incorrect.

The State Court Complaint alleged five counts: (i) civil theft, (ii) conversion, (iii) unjust enrichment, (iv) constructive trust, and (v) constructive fraud. The State Court summary judgment motion identifies all five counts and alleges only that the Debtor took possession of the firearms, failed to return the firearms, in some instances sold, traded or otherwise transferred the firearms to unknown third parties, and the transfers were not authorized by Flemm. It does not track the elements of any count and only asks for summary judgment on the Complaint. The State Summary Judgment Order is a single page containing no findings of fact; the order simply states, "The Plaintiff's Motion is hereby GRANTED as to liability and damages." Flemm then filed a motion to award attorney's fees and costs and a separate motion for entry of final judgment. The motion for entry of final judgment states, "The Plaintiff brought this action against the Defendant alleging causes of action related to the civil theft and conversion of a gun collection." On July 8, 2013, the court entered the State Court Judgment stating, *inter alia*, "The court has previously entered an order granting the Plaintiff's Motion for Summary Judgment

6

finding that there are no justiciable issues that remain to be resolved." The court then concluded Flemm was entitled to attorney's fees in the amount of $43,335 plus the original $160,000 in damages.

The State Court Judgment does not clarify the basis for the damages awarded or which damages pertain to which allegations.[3] Similarly, there is no explanation as to the basis for the award of attorney's fees. The judgment for attorney's fees references both Fla. Stat. § 772.11, as well as Fla. Stat. § 57.105. Section 772.11 awards fees and costs to the prevailing party under the civil theft statute. Section 57.105 awards fees as a sanction for asserting an unsupported claim or defense. There is no explanation as to what portion, if any, of the fees were awarded in connection with civil theft or as a sanction for frivolous litigation.

The only place throughout all of the State Court Summary Judgment related pleadings where either Flemm or the court referenced specific counts of the complaint is in Flemm's motion for entry of final judgment. The motion for entry of final judgment only states that Flemm alleged causes of action "related to" the civil theft and conversion of a gun collection. Flemm's motion for entry of final judgment cannot recharacterize the actual State Summary Judgment Order which simply granted summary judgment "on the complaint". The Court must therefore examine each count on which damages could have been awarded to determine if the issues in the state court are the same as the issues in this dischargeability action. The Court agrees with Flemm that the State Summary Judgment Order did not apply to the count for constructive trust because the award given was only damages. Had the state court granted a

---

[3] Moreover, the Florida Civil Theft statute entitles a plaintiff to treble damages. There are cases holding that such an award is mandatory, where actual damages are proven. Anton v. Anton, 763 So. 2d 404, 407 (Fla. Dist. Ct. App. 2000). The Plaintiff calculated his treble damages at $300,000, which the state court did not award. The absence of an award for treble damages adds to the ambiguity over the basis for the Florida state court's award.

7

motion for summary judgment as to a constructive trust, the order and judgment would have included the imposition of such a trust, rather than damages.

        *i.*      *Civil Theft*

Civil theft under Florida law requires proving "an injury resulting from a violation by [the defendant] of the criminal theft statute, Fla Stat. § 812.014." United Technologies Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (citation omitted). The Florida civil theft statute, Fla. Stat. § 772.11, provides in relevant part:

> (1) Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. … Punitive damages may not be awarded under this section. … This section does not limit any right to recover attorney's fees or costs provided under any other law.

Florida's criminal code, Fla. Stat. § 812.014, provides in pertinent part:

> (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>     (a) Deprive the other person of a right to the property or a benefit from the property.
>     (b) Appropriate the property to his or her own use or the use of any person not entitled to the use of the property.

A plaintiff must prove the defendant acted with criminal intent in committing the acts of theft. United Technologies, 556 F.3d at 1270 (citation omitted).

Although the elements of civil theft correlate with several of the elements of Section 523(a)(4), there is one distinction. To prove embezzlement under Section 523(a)(4), the debtor must have appropriated the property for his own use or benefit. E.g., In re Weber, 892 F.2d 534, 538 (7th Cir. 1989). Under the Florida statute, a defendant can commit civil theft by appropriating the property for his own use "or for the use of any person not entitled to the

8

property." Fla. Stat. § 812.014. Courts have given collateral estoppel effect to judgments under the civil theft statute in determining the debt was non-dischargeable as embezzlement, but in each instance the court found the debtor misappropriated the property for his own use or benefit. See, e.g., Petty v. Petty (In re Petty), 333 B.R. 472, 479 (Bankr. M.D. Fla. 2005) (applying collateral estoppel to Florida civil theft judgment where there was evidence debtor converted plaintiff's funds "to his own use and benefit"); David M. Landis, P.A. v. Britt (In re Britt), 200 B.R. 409, 411 (Bankr. M.D. Fla. 1996) (debtor misappropriated the funds at issue for "her own use and benefit").[4] Here, the State Court Judgment contains no findings the Debtor used or benefitted from the firearms. In fact, Flemm contends in the State Court Complaint that many of the firearms in the Debtor's possession were turned over to law enforcement. (P.s' Statement of Material Facts, Exhibit A, Docket No. 11). The State Court Judgment provides no basis for this Court to determine whether the Debtor's alleged liability for civil theft was based on his appropriation of the property for his own use or just to the use of some other person not otherwise entitled to the property. Therefore, the Court cannot determine that the elements of civil theft are the same as those of embezzlement for the application of collateral estoppel.

Alternatively, courts have found judgments under the Florida civil theft statute non-dischargeable under Section 523(a)(6) as a "willful and malicious injury". See, e.g., Sunco Sales, Inc. v. Latch (In re Latch), 820 F.2d 1163, 1165 (11th Cir. 1987); In re Barreto, 514 B.R. at 718. In Latch, the Eleventh Circuit found the criminal intent requirement in the Florida civil theft statute satisfied the willful and malicious requirements of Section 523(a)(6). In re Latch,

---

[4] Courts have also found debts for civil theft non-dischargeable under Section 523(a)(4)'s larceny exception. Smith v. Williams (In re Smith), 253 F.3d 703 (5th Cir. 2001). Unlike embezzlement, larceny can occur for purposes of Section 523(a)(4) without any showing the debtor used or benefitted from the use of the property. Larceny is "a felonious taking of another's personal property with intent to convert it or deprive the owner of same." Id. (Citation omitted). Flemm does not argue larceny applies to the debt in this case, as there is no dispute the Debtor initially took possession of the firearms with Flemm's permission.

9

820 F.2d at 1165-66 & n.4. Thus, the elements of civil theft are sufficiently identical to those for willful and malicious injury under Section 523 (a)(6) to support the use of collateral estoppel.

>    ii.    *Conversion*

Conversion under Florida law occurs when one person exercises "dominion … over another's property inconsistent with his ownership therein." United Technologies, 556 F.3d at 1270 (citation omitted). The tort of conversion:

> may occur where a person wrongfully refuses to relinquish property to which another has the right of possession, and it may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action.

Id. (internal quotation marks omitted) (citation omitted). Flemm argues that conversion is identical to Section 523(a)(6), because both require acts that are intentional and wrongful. Under Section 523(a)(6), however, the intent must be to injure, not just to act. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Under the Florida conversion statute, a plaintiff is not required to show the defendant intended to cause harm or injury, only that defendant intended the act. See In re Labidou, 2009 WL 2913483, at *4; see also City of Cars, Inc. v. Simms, 526 S.2d 119, 120 (Fla. Dist. Ct. App. 1988). Thus, conversion under Florida law does not share an identity of issues with willful and malicious injury under Section 523 (a)(6) to support the use of collateral estoppel.

>    iii.    *Unjust Enrichment*

Another count in the complaint for which a judgment of damages could have been granted was for unjust enrichment. Unjust enrichment under Florida law requires showing:

> (1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3) the defendant's acceptance and retention of the benefit; and (4) circumstances that make it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value.

10

State Farm Mut. Auto. Ins. Co. v. A & J Med. Ctr., Inc., 20 F. Supp. 3d 1363, 1368 (S.D. Fla. 2014) (internal citations omitted). The elements of unjust enrichment are not similar to either Section 523(a)(4) or (a)(6). A plaintiff may be awarded damages for unjust enrichment under Florida law even if there is no willful or malicious intent to injure another party or even to take the action on which the liability is imposed. Unjust enrichment does not require a finding that the recipient of the benefit acted with fraudulent intent or by deceit such as is required for establishing embezzlement under Section 523(a)(4). Thus, an award of damages for unjust enrichment would not provide collateral estoppel effect for finding the debt non-dischargeable.

   *iv.*  *Constructive Fraud*

The last count in the Complaint for which a judgment of damages could have been awarded is constructive fraud. "Constructive fraud exists where a duty arising from a confidential or fiduciary relationship has been abused, or where an unconscionable advantage has been taken. … Florida courts have construed the term 'fiduciary or confidential relation' as being very broad." Linville v. Ginn Real Estate Co., LLC, 697 F. Supp. 2d 1302, 1309 (M.D. Fla. 2010) (citation omitted). Furthermore,

> A fiduciary or confidential relationship exists where "confidence is reposed by one party and a trust is accepted by the other, or where confidence has been acquired and abused." To state a claim for breach of a fiduciary or confidential relationship, "a party must allege some degree of dependence on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." Constructive fraud will not lie where the parties are dealing at arms length because there is no duty imposed on either party to protect or benefit the other. The fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance or undertaking of the duties of a fiduciary on the part of the other party.

Am. Honda Motor Co. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005) (internal citations omitted). Like unjust enrichment, constructive fraud does not require a specific finding that the Debtor intended to injure Flemm, that the Debtor acted maliciously or

11

with a fraudulent intent or by deceit. Consequently, a judgment for constructive fraud would not support a judgment of non-dischargeability on the basis of collateral estoppel.

Of the four counts in the State Court Complaint on which summary judgment for damages could have been granted to Flemm, only the count of civil theft could provide the basis for making a claim non-dischargeable under 11 U.S.C. § 523(a)(6) as a willful and malicious injury. The conversion, unjust enrichment and constructive fraud counts do not share an identity of issues with the claim of non-dischargeability because they do not include the requirements of intent to deceive, maliciousness and intent to injure required by Section 523 (a)(4) or Section 523(a)(6).

### B. Critical and Necessary

To use civil theft as a basis for finding the State Court Judgment non-dischargeable under Section 523(a)(6), the Court must next conclude the finding was critical and necessary to the State Court Judgment. It was not.

Critical and necessary means "the factual finding was essential to the ultimate decision in the prior case, and that the judgment could not have been entered without it." Dimmitt & Owens Fin., Inc. v. Green (In re Green), 262 B.R. 557, 567 (Bankr. M.D. Fla. 2001). Where the trial court issues a single monetary award, with no findings, the prior award is not entitled to preclusive effect, because any portion of the complaint could have supported the monetary award. E.g., In re Labidou, 2009 WL 2913483 at *6. Thus, it is impossible to know what was "critical and necessary" to the award of damages. In re Green, 262 B.R. at 567. Because this Court cannot determine on which count the state court granted judgment, it cannot conclude that the elements necessary to hold the debt non-dischargeable were critical and necessary to the judgment entered by the state court. Consequently, Flemm cannot rely on the State Court

12

Summary Judgment Order as collateral estoppel of the findings necessary to hold a debt non-dischargeable in bankruptcy court.

    C.    <u>Actually Litigated</u>

The final criterion for collateral estoppel is whether the matters were actually litigated. Because the Court has decided the issues in the state court action are not the same as the issues in the dischargeability action and because the Court cannot determine what elements were critical and necessary to the State Court Judgment, the Court need not address the "actually litigated" prong of the collateral estoppel test. In the Debtor's late-filed response, the crux of his argument is that the issues were not actually litigated in the Florida court because the Debtor did not receive notice of the motion for summary judgment. The Court notes that the term "actually litigated" simply means the defendant had the opportunity to participate in the underlying lawsuit. <u>See</u>, e.g., <u>Bush v. Balfour Beatty Bahamas Ltd. (In re Bush)</u>, 62 F.3d 1319, 1325 (11th Cir. 1995). Generally, when a party seeks to attack a state court judgment on the basis of failure of service or due process, such an attack must be made to the court in which the judgment was issued. <u>See</u> <u>In re Marsowicz</u>, 120 B.R. 602, 604 (Bankr. S.D. Fla. 1990). Since the Debtor never challenged the issuance of the judgment in the state court, the Debtor's argument is unlikely to succeed.

**IV.**    <u>**Conclusion**</u>

Exceptions to discharge are to be construed narrowly, and on summary judgment the evidence must be viewed in the light most favorable to the non-moving party. Under these standards, Flemm is not entitled to summary judgment pursuant to either Section 523(a)(4) or (a)(6). There is no identity of the issues determined by the state court with the non-dischargeability issues, except with respect to civil theft and willful and malicious injury. Even

13

if liability for civil theft constitutes willful and malicious injury, the State Court Judgment fails to specify what portion, if any, of the award relates to the civil theft statute, and its award of damages is justified under other counts of the complaint that do not support a determination of non-dischargeability. Thus, it is not clear that a finding of civil theft was "critical and necessary" to the judgment. Accordingly, it is hereby

    ORDERED Plaintiff's Motion is DENIED;

    ORDERED FURTHER and NOTICE IS HEREBY GIVEN the Court will hold a status conference in this matter on May 7, 2015 at 10:00 a.m. in Courtroom 1403, Richard B. Russell Building, 75 Spring Street, S.W., Atlanta, Georgia 3030.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

William R. Joiner
Mitchell and Shapiro LLP
One Securities Center - Suite 650
3490 Piedmont Road
Atlanta, GA 30305

William Allen Trexler
110 Walter Way #2602
Stockbridge, GA 30281

Howard P. Slomka
Slomka Law Firm
2nd Floor
1069 Spring Street, NW
Atlanta, GA 30309